**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE META MATERIALS INC. SECURITIES LITIGATION | Case No. 1:21-cv-07203-CBA-JRC |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE JUDGMENT AND MOTION FOR LEAVE TO AMEND**

Adam M. Apton
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, N.Y. 10004
(212) 363-7500 (telephone)
(212) 363-7171 (fax)
aapton@zlk.com (email)

*Attorneys for Lead Plaintiffs
and Lead Counsel for the Class*

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.    PROCEDURAL HISTORY.................................................................................. 3

III.    SUMMARY OF ADDITIONAL FACTS AND REVISED ALLEGATIONS ................. 4

IV.    ARGUMENT........................................................................................................ 6

    A.    Plaintiffs Ask the Court to Vacate Its Judgment Pursuant to Rule 60(b)(2) and Grant Them an Opportunity to Amend the Complaint. .................................. 6

        1.    The newly-discovered evidence from FE2 and FE3 existed at the time the Court granted Defendants' motion to dismiss. ............................ 7

        2.    The confidential witness and regulatory information was not available to Plaintiffs until August 2023 and later...................................... 8

        3.    The newly-discovered evidence from FE2 and FE3 is admissible and of such importance that it would have required the Court to deny Defendants' motion to dismiss............................................................ 8

        4.    The information from FE2 and FE3 is not cumulative but instead includes newly-discovered evidence showing Defendants' statements were at minimum materially misleading and made with scienter. ............................................................................................... 9

    B.    Leave to Amend Should Be Granted to Plaintiffs Pursuant to Rule 15(a)(2). ........................................................................................................ 10

V.    CONCLUSION................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*ACA Fin. Guar. Corp. v. Advest, Inc.*,
   512 F.3d 46 (1st Cir. 2008) ............................................................................................... 14

*AEP Energy Srvs. Gas Holding Co. v. Bank of America*,
   626 F.3d 699 (2d Cir. 2010) .............................................................................................. 10

*Belizan v. Hershon*,
   434 F.3d 579 (D.C. Cir. 2006) .......................................................................................... 14

*Cruz v. TD Bank, N.A.*,
   742 F.3d 520 (2d Cir. 2013) .............................................................................................. 13

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .......................................................................................... 14

*In re Express Scripts/Anthem Erisa Litig.*,
   285 F. Supp. 3d 655 (S.D.N.Y. 2018) ............................................................................... 13

*Foman v. Davis*,
   371 U.S. 178 (1962) .......................................................................................................... 10

*Freudenberg v. E*Trade Fin. Corp.*,
   712 F. Supp. 2d 171 (S.D.N.Y. 2010) ................................................................................. 9

*Indiana Pub. Ret. Sys. v. SAIC, Inc.*,
   818 F.3d 85 (2d Cir. 2016) .................................................................................................. 6

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
   797 F.3d 160 (2d Cir. 2015) ........................................................................................ 2, 13

*Pasternack v. Shrader*,
   863 F.3d 162 (2d Cir. 2017) .............................................................................................. 10

*Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*,
   153 F. Supp 3d 628 (S.D.N.Y. 2015) ................................................................................ 13

*Philips Lighting Co. v. Schneider*,
   395 Fed. Appx. 796 (2d Cir. 2010) ..................................................................................... 6

*Porat v. Lincoln Towers Cmty. Ass'n*,
   464 F.3d 274 (2d Cir. 2006) .............................................................................................. 13

*In re Moody's Corp. Sec. Litig.*,
   599 F. Supp. 2d 493 (S.D.N.Y. 2009) ............................................................................... 15

*SEC v. Platforms Wireless Int'l Corp.*,
   617 F.3d 1071 (9th Cir. 2010) .......................................................................................... 11

*SEC v. StratoComm Corp.*,
   652 Fed. Appx. 35 (2d Cir. 2016) ..................................................................................... 11

*Set Capital LLC v. Credit Suisse Grp. AG*,
   996 F.3d 64 (2d Cir. 2021) ................................................................................................ 13

*In re Take-Two Interactive Sec. Litig.*,
   551 F. Supp. 2d 247 (S.D.N.Y. 2008).................................................................................... 15

*United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*,
   839 F.3d 242 (3d Cir. 2016).................................................................................................. 14

*United States v. Int'l Bhd. of Teamsters*,
   247 F.3d 370 (2d Cir. 2001)............................................................................................ 7, 8, 9

*Williams v. Citigroup, Inc.*,
   659 F.3d 208 (2d Cir. 2011).................................................................................................. 10

**Statutes**

15 U.S.C. §78u-4 ............................................................................................................................ 3

**Rules**

Fed. R. Civ. P. 15 ................................................................................................................... 10, 13
Fed. R. Civ. P. 60 .......................................................................................................................... 7
Fed. R. Evid. 602 .......................................................................................................................... 9

I.      **INTRODUCTION**

Plaintiffs are former investors in Meta Materials Inc. who collectively lost over $500,000 as a result of Defendants' alleged fraud. To recover these damages, Plaintiffs sued under the federal securities laws. Unfortunately, on September 29, 2023, the Court dismissed Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) with prejudice. Plaintiffs, however, have obtained newly discovered evidence that cures a crucial pleading deficiency identified by the Court. If considered, Plaintiffs believe firmly that the Court will see that this case has merit and should be allowed to proceed past the pleading stage. Consequently, Plaintiffs respectfully ask that the Court vacate its prior order dismissing the case with prejudice and grant leave to amend the pleadings.

Plaintiffs' request is supported by both the facts and the law. Factually, Plaintiffs have obtained evidence from confidential witnesses confirming that Meta Materials was, in fact, not developing its key NanoWeb technology products towards commercialization and had, in fact, not determined a method for scaling production of the products. This information directly contradicts the representations that appeared in, for example, the proxy statement that Defendants used to effect the merger between Meta Materials' predecessors (*i.e.*, Metamaterial Technologies, Inc. and Torchlight Energy Resources, Inc.). The confidential witnesses who provided this information formerly served as Meta Materials' Chief Technology Officer and Director of Advanced Materials and, given their high-level roles within the company, had regular interaction with the company's former Chief Executive Officer, Defendant George Palikaras, and its Board of Directors.

Plaintiffs' proposed amended pleading also includes further information concerning the U.S. Securities and Exchange Commission's ongoing investigation into Meta Materials' merger. While it has taken approximately 2.5 years to materialize, the SEC's initial request for information and subpoena have led to the issuance of "Wells Notices" against Defendants. According to the

1

"Wells Notices," the SEC has decided to charge Defendants Meta Materials, George Palikaras, and John Brda with violating Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 for fraud relating to the merger, which is precisely what is at issue in Plaintiff's complaint. In addition, as of earlier this month, Meta Materials abruptly removed Defendant George Palikaras from *all* positions within the company "effective immediately," meaning he no longer serves as Meta Materials' President and Chief Executive Officer and is no longer on the company's Board of Directors.

Plaintiffs' proposed amended complaint includes these additional allegations while, at the same time, removes other allegations that the Court dismissed. In securities fraud cases brought under the Exchange Act and subject to the heightened pleading standards of the Private Securities Litigation Reform Act of 1995, the Second Circuit has emphasized the need to afford plaintiffs an opportunity to amend their pleadings after an initial dismissal on the pleadings. "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Indeed, Plaintiffs' opposition to Defendants' motion to dismiss included a request in the alternative "to file an amended complaint to address any deficiencies" for this very reason. Dkt. No. 55, p. 37 n.8. This request was in line with, and supported by, authority from the Second Circuit. *See Loreley*, 797 F.3d at 190-91.

Plaintiffs' proposed amended complaint is narrower than its previous version and contains only the best and strongest claims against Defendants. Plaintiffs respectfully request that their motion be granted so as to allow "Plaintiffs the opportunity to demonstrate that their claims deserve to be decided on the merits." *Id*. at 191.

## II.     PROCEDURAL HISTORY

Plaintiff John B. Maltagliati commenced this class action lawsuit on January 3, 2022. Dkt. No. 1. Given the complaint's allegations under the Securities Exchange Act of 1934, the Court was required to appoint a lead plaintiff pursuant to the Private Securities Litigation Reform Act. *See* 15 U.S.C. §78u-4(a)(3). On July 15, 2022, following briefing and hearing before Magistrate Judge James R. Cho, the Court appointed Plaintiffs as the lead plaintiffs. Dkt. No. 43. Plaintiffs then filed an amended complaint on August 29, 2022. Dkt. No. 46.

On October 13, 2022, Defendants moved to dismiss Plaintiffs' complaint under Rule 12(b)(6). Dkt. Nos. 51, 52. On November 29, 2022, Plaintiffs opposed Defendants' motion. Dkt. No. 55. On January 12, 2023, Defendants replied to Plaintiffs' brief in further support of their motion. Dkt. No. 54.

On February 27, 2023, the Court held oral argument on the motion. Dkt. No. 57. The Court reserved decision.

On August 2, 2023, while Defendants' motion was still *sub judice*, Plaintiffs filed a notice with the Court indicating that the U.S. Securities and Exchange Commission's Enforcement Division had issued "Wells Notices" against Defendants Meta Materials, John Brda, and George Palikaras relating to the Commission's ongoing investigation into the merger between Metamaterials and Torchlight. The "Wells Notices" stated that the Commission had made a "preliminary determination to recommend that the SEC file a civil enforcement action against the recipients alleging violations of certain provisions of the U.S. federal securities laws," including Sections 10(b) and 14(a) and SEC Rules 10b-5 and 14a-9. Dkt. Nos. 58, 58-2.

On September 29, 2023, the Court issued the Order granting Defendants' motion to dismiss. Dkt. No. 59. On October 3, 2023, the Clerk entered Judgment in favor of Defendants dismissing Plaintiffs' complaint. Dkt. No. 60.

### III.   SUMMARY OF ADDITIONAL FACTS AND REVISED ALLEGATIONS

Plaintiffs' amended complaint contains the following changes:

1) The Class Period now ends on December 14, 2021 with the issuance of the Kerrisdale Capital research report. This eliminates Defendants' previous "truth-on-the-market" and loss causation arguments concerning misrepresentations made after December 14, 2021 as well as removes any disputes about the falsity of any statements made by Defendants after December 14, 2021;

2) Plaintiffs no longer seek to recover under the Securities Act of 1933 and do not allege violations of Sections 11 or 15. This eliminates Defendants' previous arguments related to standing and traceability;

3) Plaintiffs no longer name Meta Materials' former Chief Financial Officer, Kenneth Rice, as an Individual Defendant;

4) Inclusion of additional information obtained from former employees of Meta Materials, including a former Chief Technology Officer and Director of Advanced Materials who confirm that Meta Materials' development of the NanoWeb technology products was effectively frozen in time from 2016, when Meta Materials acquired Rolith who had created the NanoWeb technology, until spring of 2022, when Meta Materials finally built the "roll-to-roll" machinery for the "pilot line" that was necessary to scale-up manufacturing. These former employees confirm that Meta Materials was not "moving" anywhere with the NanoWeb technology products (let alone "now moving

4

towards commercializing" them) and had not yet determined "scalable manufacturing methods" for the products. Relatedly, the additional former employees also describe conversations they had with Palikaras and the Board of Directors regarding the lack of development of the NanoWeb technology products, which evidences a strong inference of scienter on the part of Defendants;

5) Reference to analyst reports from professional investment firms that support Plaintiffs' interpretation of Defendants' public statements, including that Meta Materials falsely created the impression that their products were materially more developed than they were and that the company had already determined methods to scale manufacturing;

6) Inclusion of recent developments relating to the SEC's investigation into Meta Materials' merger with Torchlight, including the SEC's issuance of "Wells Notices" to Meta Materials and Defendants John Brda and George Palikaras. The "Wells Notices" state that the SEC determined to bring charges against these defendants for, *inter alia*, violations of Sections 10(b) and 14(a) of the Securities Exchange Act of 1934;

7) Inclusion of recent developments internally at Meta Materials consisting namely of the abrupt termination of Defendant Palikaras as President and CEO as well as his removal from the Board of Directors;

8) Plaintiffs no longer identify as alleged false statements certain language that Defendants argued was non-actionable puffery, such as Meta Materials' reference to "proprietary advanced technologies" or its products achieving "previously unachievable performance";

9) Plaintiffs no longer identify as alleged false statements certain language that Defendants argued was immaterial, such as Meta Materials' reference to its contracts

with Airbus and Lockheed Martin or its description of the metaAIR eye protection product contained in Meta Materials' November 30, 2020 shareholder letter or November 15, 2021 quarterly report; and

10) Additional allegations in support of Plaintiffs' inference of scienter against Defendants, including the recent SEC action and abrupt terminations discussed above as well as Meta Materials' custom and practice of "hyping" or "pumping" the stock with overly optimistic and misleading information shortly before accessing the public equity markets to raise capital.

## IV. ARGUMENT

"A party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)." *Indiana Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 92 (2d Cir. 2016). The Second Circuit has explained that "in view of the provision in Rule 15(a) that leave to amend shall be freely given when justice so requires, it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Id*. (citation and brackets omitted). This is such a case where it is appropriate for the Court to take into account the proposed amendment.

### A. Plaintiffs Ask the Court to Vacate Its Judgment Pursuant to Rule 60(b)(2) and Grant Them an Opportunity to Amend the Complaint.

Relief under Rule 60(b) is "equitable in nature." *Philips Lighting Co. v. Schneider*, 395 Fed. Appx. 796, 797 (2d Cir. 2010). "On motion and just terms, the court may relieve" the plaintiffs of the judgment dismissing their action where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

6

59(b)." FED. R. CIV. P. 60(b)(2). In this Circuit, a party seeking relief from a judgment pursuant to Rule 60(b)(2) must meet a four-part test:

1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding;

2) the movant must have been justifiably ignorant of them despite due diligence;

3) the evidence must be admissible and of such importance that it probably would have changed the outcome; and

4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Id*. at 391.

This motion presents precisely such "exceptional circumstances."

### 1. The newly-discovered evidence from FE2 and FE3 existed at the time the Court granted Defendants' motion to dismiss.

The first factor requires the newly-discovered evidence to have existed at the time the Court ruled on Defendants' motion to dismiss. *See Teamsters*, 247 F.3d at 392. The information FE2 and FE3 provided pertains to the status of Meta Materials' NanoWeb technology products and, in particular, the absence of Meta Materials' efforts to develop those products towards commercialization or determine methods for scaled manufacturing. Plaintiffs also seek to rely on new information concerning the SEC's investigation into the merger at issue in this case, namely the SEC's decision to charge Defendants Meta Materials, Palikaras, and Brda with fraud under *inter alia* Section 10(b) of the Exchange Act. This information predated the Court's order dated September 29, 2023. The first factor is met.

7

  **2.**  **The confidential witness and regulatory information was not available to Plaintiffs until August 2023 and later.**

The second factor requires Plaintiffs to have been "justifiably ignorant" of the facts FE2 and FE3 provided despite due diligence. *Teamsters*, 247 F.3d at 392. Plaintiffs first attempted to contact FE2 in August 2022 but at that time Plaintiffs' efforts to speak with FE2 were unsuccessful. *See* Declaration of Adam M. Apton, ¶6. Likewise, FE3 was an employed by Meta Materials and therefore off-limits to Plaintiffs until he left the company in August 2023. *See id*. at ¶7. Therefore, while Plaintiffs diligently tried to obtain information from Meta Materials' former employees, including FE2, before the motion to dismiss was ruled on (or even filed), they were justifiably ignorant of the information FE2 and FE3 had in their possession until just a few weeks ago. The second factor is met.

  **3.**  **The newly-discovered evidence from FE2 and FE3 is admissible and of such importance that it would have required the Court to deny Defendants' motion to dismiss.**

The third *Teamsters* factor requires the newly-discovered evidence to be admissible and of such importance that it would have changed the outcome of the Court's ruling on Defendants' motion to dismiss. *Teamsters*, 247 F.3d at 392. The new evidence from FE2 and FE3 is sufficient, on its own, for the complaint to withstand the scrutiny of a Rule 12(b)(6) motion. Accordingly, it is of such importance that it would have changed the outcome of the case.

Together, FE2 and FE3 confirm that Meta Materials did not advance the development of its NanoWeb technology products since acquiring them from Rolith in 2016. In fact, according to FE3, no progress towards commercialization and scaling occurred until spring of 2022, when Meta Materials finally built the "roll-to-roll" machinery for the "pilot line" that was necessary to scale-

up manufacturing. These former employees confirm that Meta Materials was not "moving" anywhere with the NanoWeb technology products (let alone "now moving towards commercializing" them) and had not yet determined "scalable manufacturing methods" for the products. Relatedly, the additional former employees also support a strong inference of scienter against Defendants, given their descriptions of conversations they had with Palikaras and the Board of Directors regarding the lack of development of the NanoWeb technology products.

Finally, the newly-discovered evidence from FE2 and FE3 is admissible because they had personal knowledge of the matters they discussed. *See* FED. R. EVID. 602. The observations and discussions they describe are not second-hand but instead first-person accounts of facts they witnessed. See FED. R. EVID. 801(d). Conversations they describe, including statements from Defendant Palikaras or Meta Materials' directors, would fall into exceptions to the hearsay rule set forth in Federal Rules of Evidence 803 and 807. Furthermore, at the pleading stage, the Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Freudenberg v. E*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 179 (S.D.N.Y. 2010). The third factor is met.

> **4.  The information from FE2 and FE3 is not cumulative but instead includes newly-discovered evidence showing Defendants' statements were at minimum materially misleading and made with scienter.**

The final *Teamsters* factor requires the newly-discovered evidence to not be "merely cumulative or impeaching." 247 F.3d at 392. FE2 and FE3 provide new information that serves to explain how and why Defendants' repeated "now moving toward commercializing" and "scalable manufacturing methods" statements were false. Prior to FE2 and FE3, Plaintiffs relied primarily on Meta Materials' failure to renew a license for a patent that the NanoWeb technology needed.

9

Thus, FE2 and FE3 provide a new, additional basis showing that Defendants' statements about the current development status of its NanoWeb products were false. The fourth factor is met.

### B. Leave to Amend Should Be Granted to Plaintiffs Pursuant to Rule 15(a)(2).

The "court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). "Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend." *Pasternack v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017). Motions to amend should be considered with a "strong preference for resolving disputes on the merits." *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Srvs. Gas Holding Co. v. Bank of America*, 626 F.3d 699, 725 (2d Cir. 2010).

Here, there has been no undue delay, bad faith, or dilatory motive by Plaintiffs. The proposed amended complaint would not be futile because the newly-discovered evidence from FE2 and FE3 are sufficient facts that, accepted as true at the pleading stage, render Defendants' statements about the development status of its NanoWeb technology products false and misleading. Finally, Defendants cannot claim any prejudice because this motion has been timely filed, the proposed amended complaint does not expand the scope of Plaintiffs' claims (but instead narrows it), and the additional factual allegations in the amended complaint are derived from

10

former employees of Meta Materials and thus is information that Defendants have been aware of at all times.

These newly-discovered facts are not just a few cumulative pieces of evidence that build on what Plaintiffs previously pleaded. Rather, these new facts speak to what was discussed with Meta Materials' Board of Directors and former Chief Executive Officer prior to and during the Class Period. They also address the driving factors behind the Court's decision to dismiss the complaint. To be sure, FE2 and FE3 collectively show that Meta Materials was actively refusing to advance the development of the NanoWeb technology products while, at the same time, telling public investors that it was "now moving towards commercializing" them. Similarly, Meta Materials represented that it had "scalable manufacturing methods" when, in truth, it had not even built the "pilot line" necessary for determining or proving a "scalable manufacturing method." These facts bring this case within the scope of the authority cited previously by Plaintiffs in their opposition to Defendants' motion to dismiss. *See*, *e.g.*, *SEC v. StratoComm Corp.*, 652 Fed. Appx. 35, 37 (2d Cir. 2016) ("notwithstanding StratoComm's billing of itself as a 'provider' of telecommunications systems, it was in no position to begin selling anything: it had never put together or tested a complete system."); *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1071, 1094-95 (9th Cir. 2010) ("[n]o reasonable person could read the press release and infer anything other than a functioning ARC System existed" because it "speaks in the present tense" when discussing product).

Moreover, in addition to FE2 and FE3, Plaintiffs' proposed amendment contains new allegations proving (at least for the purposes of the pleadings) that the market was materially misled by Defendants' statements. In its Memorandum & Order, the Court held that "no reasonable investor would have assumed that 'now moving toward commercializing products' meant that

11

Meta had completed product development entirely and was now, in fact, commercializing products." Dkt. No. 59 at 29. However, that is precisely what happened, as demonstrated by professional analyst reports. In particular, Cormark Securities Inc. issued reports following Meta Materials' proxy statement for the merger, stating that "***MMAT has developed the design technologies that enable scalable manufacturing***. This is a key differentiating factor from other competitors, where a path to commercialization in various industries such as aerospace, medical, automotive, and energy has ***yet to be accomplished***" (emphasis added). In a second report, Cormark Securities stated, "What sets Metamaterial apart is that not only is it capable of designing specific properties into its materials, but it has pioneered a roll-to-roll technology capability for producing large amounts of the materials that is ***currently being ramped up*** at its facility in Dartmouth NS . . . The capability to design Metamaterial's films to demanding customer specifications quickly and accurately, ***along with the ability to produce at scale***, means that MMAT is on the cusp of growing its revenues along with the introduction of its customers products" (emphasis added).

Finally, Plaintiffs' proposed amendment pleads additional facts in support of its inference of scienter against Defendants. While Defendants' motion was *sub judice*, Plaintiffs notified the Court of the SEC's decision to issue "Wells Notices" against Defendants indicating its intent to charge them with securities fraud. Dkt. No. 58. After the Court issued its order dismissing Plaintiffs' complaint, Meta Materials then disclosed that it "removed" Defendant Palikaras from all positions within the company, including his role as President and Chief Executive Officer and as a director on the company's Board of Directors. Palikaras' removal was "effective immediately." Plaintiffs' allegations against him, combined with the "Wells Notices" and his abrupt termination from the company, give rise to a strong and compelling inference of scienter.

*See Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 79 & n.58 (2d Cir. 2021) (holding SEC investigation strengthens inference for scienter) (collecting cases). When viewed either in isolation or in concert with the totality of other allegations, Plaintiffs' proposed amended complaint sufficiently alleges that Defendants' Class Period statements were knowingly (or at least recklessly) false or misleading, and omitted to state material facts necessary to render their statements accurate, thereby demonstrating that the proposed amendment is not futile.

The Court's decision to dismiss Plaintiffs' complaint with prejudice was, respectfully, premature. The law within this Circuit (as well as others) weighs heavily in favor of allowing Plaintiffs an opportunity to rectify the pleading deficiencies identified by the Court in its order on the motion to dismiss. *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) ("Without doubt, this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)."); *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013) ("[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead[.]"); *In re Express Scripts/Anthem Erisa Litig.*, 285 F. Supp. 3d 655, 690 (S.D.N.Y. 2018) ("[W]hile Plaintiffs have already had opportunities to amend the original complaint, none were in the context of a motion to dismiss decision and the Court has therefore not yet provided guidance as to how Plaintiffs' claims may be adequately made."); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp 3d 628, 656 (S.D.N.Y. 2015) ("The usual practice in this Circuit upon granting a motion to dismiss is to permit amendment of the complaint.").

The Second Circuit in *Loreley* emphasized the need for courts to "hew to the liberal standard set forth in Rule 15, which states that '[t]he court should freely give leave [to amend] when justice so requires.' FED. R. CIV. P. 15(a)(2). As we have explained, the permissive standard of Rule 15 is consistent with our strong preference for resolving disputes on the merits." *Loreley*,

797 F.3d at 190 (internal quotations omitted). Importantly, *Loreley* was a securities fraud case similar to the one at bar. The Second Circuit noted the "complex" nature of the case when reversing the lower court's decision denying leave to amend, explaining that "[i]n such situations, pleading defects may not only be latent, and easily missed or misperceived without full briefing and judicial resolution; they may also be borderline, and hence subject to reasonable dispute." *Id*. at 191.

Similarly, the Third Circuit in *Victaulic* considered whether the appellant had been improperly denied leave to amend. In the course of its evaluation, the Court analyzed a number of cases relied upon by the district court in which leave to amend was denied. *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 2016 U.S. App. LEXIS 18026, at *18-20 (3d Cir. 2016). Significantly, this Court held that "[i]n none of the cases the [lower court] relied upon did we uphold a dismissal with prejudice where the plaintiff had been given no opportunity to amend its complaint and would not be given an opportunity to amend in the future." *Id*. at *20. While the complaint in this case was an amended pleading, it was the first and only pleading filed by Plaintiff (given that he was not a party to the initial action until being appointed as "lead plaintiff" pursuant to the PSLRA). Accordingly, Plaintiffs should have been given an opportunity to amend their pleading. *See Victaulic Co.*, 2016 U.S. App. LEXIS 18026, at *18-20.

The fact that this case is a securities fraud case subject to the PSLRA further underscores the need to grant Plaintiffs leave to amend. *See*, *e.g.*, *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008) ("Interpreting the PSLRA as constricting the operation of Rule 15(a) would be contrary to the purposes of the Act."); *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir. 2006) ("had the Congress wished to make dismissal with prejudice the norm, and to that extent supersede the ordinary application of Rule 15(a), we would expect the text of the PSLRA so to provide"); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

14

("Adherence to these principles is especially important in the context of the PSLRA."). With the benefit of the Court's order on the motion to dismiss and the recent factual developments identified above, Plaintiffs' proposed amended complaint will sufficiently state a claim for a relief under Rule 12(b)(6). *See*, *e.g.*, *In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 518 (S.D.N.Y. 2009) ("leave to amend should be granted liberally in cases alleging securities fraud"); *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 312 (S.D.N.Y. 2008) (recognizing importance of liberally allowing amendment in view of complicated pleading rules applied to securities fraud claims, and allowing filing of third amended complaint).

## V.     CONCLUSION

For the foregoing reasons, the Court should set aside its order and judgment and grant Plaintiffs leave to file an amended complaint that contains in sum and substance the allegations in the proposed amended complaint filed herewith.[1]

[Signature block on following page]

---

[1] Plaintiffs also anticipate obtaining material information from the U.S. Securities & Exchange Commission pursuant to a request under the Freedom of Information Act. If leave to amend is granted, Plaintiffs reserve the right to include this additional information in their amended pleading. *See* Declaration of Adam M. Apton at ¶10.

15

Dated: October 27, 2023

LEVI & KORSINSKY, LLP

*/s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, N.Y. 10004
(212) 363-7500 (telephone)
(212) 363-7171 (fax)
aapton@zlk.com (email)

*Counsel for Lead Plaintiffs
and Lead Counsel for the Class*


THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel.: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Counsel for Venkateswara Ramireddy*

16